IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID DONALD EBBEN,

    Plaintiff,

v.

SERGEANT WORTH,

    Defendant.

ORDER

Case No. 25-cv-246-wmc

DAVID DONALD EBBEN,

    Plaintiff,

v.

KEN LOBENSTEIN, et al.

    Defendants.

ORDER

Case No. 25-cv-247-wmc

Plaintiff David Donald Ebben, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted two proposed civil actions. Plaintiff has filed a copy of a trust fund account statement and a motion for leave to proceed without prepaying the filing fee. After considering the motion and supporting documentation, I conclude that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from the plaintiff's trust fund account statement for the six-month period preceding the complaint, I have calculated the initial partial payment to be $0.58 for each case (total $1.16) For these cases to proceed, plaintiff must submit this amount on or before April 23, 2025.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payments, then plaintiff should arrange with prison authorities to make the payments from a release account. However, prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payments remaining from the prisoner's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

## ORDER

IT IS ORDERED that:

1. Plaintiff David Donald Ebben is assessed initial partial payment of $0.58 for each case (total $1.16). Plaintiff must submit a check or money order payable to the clerk of court by April 23, 2025 or advise the court in writing why plaintiff is not able to make the initial partial payment.

2. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

3. If plaintiff fails to make the initial partial payments by April 23, 2025, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 1st day of April, 2025.

        BY THE COURT:

        /s/
        ANDREW R. WISEMAN
        United States Magistrate Judge