IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                Plaintiff,                            OPINION AND ORDER

     v.

                                                      25-cv-246-wmc

SERGEANT WORTH,

                Defendant.

---

      Plaintiff David D. Ebben, who is representing himself, has filed a complaint under 42 U.S.C. § 1983, alleging that Sergeant Worth violated his rights while he was incarcerated by the Wisconsin Department of Corrections ("DOC"). Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Because the pleadings are insufficient to state a claim, the court will dismiss the complaint without prejudice and give plaintiff an opportunity to amend to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

At all times relevant to the complaint, plaintiff David D. Ebben was incarcerated at the New Lisbon Correctional Institution ("NLCI"). Plaintiff alleges that on December 15, 2023, he was called up to the intake desk to go to court. When plaintiff arrived at the intake desk, Sergeant Worth humiliated him by either mispronouncing plaintiff's name or refusing to allow plaintiff to pronounce his name as it appears on his birth certificate.

Plaintiff alleges further that Sergeant Worth initially refused to allow him to bring "the only paper he wanted to bring to court," which contained his Friday Jummah prayer. Plaintiff explains that Jummah prayer is required by Muslims and that he wanted to bring his Jummah prayer with him to court in Oshkosh, which is several hours from where NLCI is located, because he did not know how long he would be there. Plaintiff was eventually allowed to bring the paper after someone contacted DOC headquarters in Madison.

Plaintiff states that, while strip searching him before his trip to court, Sergeant Worth would not put on gloves before searching plaintiff's "kufi," which is a head covering worn by some Muslim men. When plaintiff refused to surrender his kufi, Sergeant Worth sent plaintiff back to his housing unit. Sergeant Worth then called a second correctional officer to assist with a second strip search. When plaintiff again refused to allow his kufi to be searched, Sergeant Worth forced plaintiff to leave his kufi at NLCI.

Plaintiff alleges that Sergeant Worth also forced him to leave his jacket behind at

---

[1] Unless otherwise indicated, the facts in this section are taken from plaintiff's complaint. (Dkt. #1.) In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

NLCI when they departed for court. Plaintiff alleges that it was "blistering cold" and snowing. Plaintiff appears to contend that Sergeant Worth forced him to walk to and from the transport van without a coat while wearing a short-sleeved shirt.

While at court, plaintiff alleges that Sergeant Worth forced him to leave his paperwork behind, stating that an officer would give it to him on Monday. Plaintiff advised Sergeant Worth that the court had ordered him to contact "DUI Counseling" at an alcohol treatment facility within 72 hours, but Sergeant Worth refused to allow plaintiff to write this down.[2]

OPINION

Plaintiff has filed suit under 42 U.S.C. § 1983 to recover monetary damages from the defendant. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Here, plaintiff claims that Sergeant Worth violated the RLUIPA and the First Amendment by refusing to let him wear his kufi to court on December 15, 2023. "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central

---

[2] Publicly available state court records show that plaintiff was convicted pursuant to a no contest plea on December 15, 2023, of operating while intoxicated (5th or 6th) in Winnebago County Case No 2023CF51. *See* Wisconsin Circuit Court Access, at: https://wicourts.gov (last accessed Dec. 4, 2025). He was sentenced to one year and six months in state prison plus two years of extended supervision. He was also given 72 hours to make arrangements for a DNA sample.

religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal citation and quotation marks omitted). The RLUIPA offers broader protections by preventing the state from placing a substantial burden on any aspect of one's religious practice, even if it is not central to the religion. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). "A substantial burden 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016) (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717-18 (1981)).

Plaintiff may not proceed under the First Amendment or the RLUIPA. To begin, the RLUIPA only authorizes injunctive relief against state employees in their official capacity and not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) ("RLUIPA does not authorize a private cause of action for compensatory or punitive damages against the appellees in their individual or official capacities."). Because plaintiff has been released from DOC and is no longer incarcerated at the unit where the events giving rise to this action occurred, any request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."). Moreover, isolated instances that impact an inmate's religious practice and other "[d]e minimis burdens on the free exercise of religion" are not actionable. *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (citations omitted); *see also, e.g., Lee v. Lawson*, No. 3:19-cv-991, 2022 WL 594896, at *2 (N.D. Ind. Feb. 28, 2022) (denying plaintiff a yarmulke for a brief period did not substantially burden plaintiff's ability to

4

exercise his religious beliefs).

Similarly, the court will not allow plaintiff to proceed with a First Amendment or RLUIPA claim related to his Jummah prayer paper because plaintiff concedes that he was allowed to bring that paper with him to court. Likewise, plaintiff may not proceed with a claim concerning the paperwork that he was forced to leave behind because he does not allege facts showing that he suffered any harm or was actually prejudiced for lack of access to the paperwork. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (A prisoner must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge").

The court also will not allow plaintiff to proceed with his claim that Sergeant Worth humiliated him by mispronouncing his name because verbal harassment of this minimal nature is insufficient grounds for relief under 42 U.S.C. § 1983. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 423 (7th Cir. 2020); *but see Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015) (verbal sexual harassment accompanied by suggestive gestures, which arguably placed plaintiff at greater danger of assault by other prisoners and allegedly caused inmate psychological trauma to the extent of seeking mental health care, stated viable Eighth Amendment claim).

Finally, the court will not allow plaintiff to proceed with an Eighth Amendment claim for being forced to travel to and from court without his jacket. The Eighth

Amendment does not protect against temporary discomfort in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (holding that "the Constitution does not mandate comfortable prisons"). Thus, Eighth Amendment violations for exposure to cold environments have generally been found only where the exposure was of a significant duration. *See, e.g., Gillis v. Litscher*, 468 F.3d 488, 490, 495 (7th Cir. 2006) (reversing summary judgment for defendants where plaintiff produced evidence that he was housed in a cell that was unduly cold for three days without any clothing or bedding); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (reversing dismissal of inmate's claim that he was exposed to mid-November temperatures for more than a week). Plaintiff's allegation that he was briefly subjected to bitterly cold temperatures as he walked from a transport van back to his prison unit are insufficient to state an Eighth Amendment claim. *See Shakir v. Stankye*, 805 F. App'x 35, 40 (2d Cir. 2020) ("Neither we nor the Supreme Court has ever held that brief exposure to cold is a constitutional violation.").

Because plaintiff has failed to state a viable claim, the court will dismiss the complaint without prejudice and give plaintiff a brief window to file an amended complaint, if he wishes to do so. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice for failure to state a claim.

2. Plaintiff has until January 9, 2026, to file an amended complaint that cures the above-referenced deficiencies. If plaintiff does not file an amended complaint

before that date, this case will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

3. Plaintiff's motion for a status report (dkt. #16) is DENIED as moot.

Entered this 9th day of December, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge