IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID D. EBBEN,

                                    Plaintiff,                                    OPINION AND ORDER

         v.
                                                                                  25-cv-246-wmc
SERGEANT WORTH,

                                    Defendant.

---

Plaintiff David D. Ebben, who is representing himself, filed this lawsuit under 42 U.S.C. § 1983, alleging that Sergeant Worth violated his rights while he was incarcerated by the Wisconsin Department of Corrections ("DOC").  The court dismissed plaintiff's original complaint for failure to state a viable claim, but granted him an opportunity to amend.  (Dkt. #18.)

Plaintiff has now filed an amended complaint.  Because plaintiff filed this case as a prisoner and proceeds without prepayment of the filing fee, the court must screen the complaint and dismiss any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Even under this lenient standard, the second amended complaint fails to state a claim and, therefore, this action will be dismissed for the reasons set forth below.

ALLEGATIONS OF FACT[1]

Plaintiff David D. Ebben alleges that in October 2024, he was subjected to a strip search by Sergeant Worth at the New Lisbon Correctional Institution ("NLCI").  Plaintiff complains that Worth ordered him to remove all of his clothing, including his "kufi," which is a head covering that plaintiff wears as a practicing Muslim.  Plaintiff claims that Sergeant Worth did not wear gloves while handling plaintiff's "personal and religious items."  When plaintiff "raised concerns about hygiene and safety," Sergeant Worth summoned a second correctional officer and the search was "prolonged, intimidating, and unnecessary under the circumstances."  Plaintiff suffered anxiety, fear of retaliation or force, and humiliation as a result.

OPINION

Plaintiff contends that Sergeant Worth's actions violated the Eighth Amendment by not wearing gloves when he handled plaintiff's kufi and unnecessarily prolonging the strip search by summoning another officer after plaintiff objected.  The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'"  *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  "There is no question that strip searches may be unpleasant,

---

[1] The facts in this section are taken from plaintiff's amended complaint, which supersedes his previous complaint.  *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings[.]") (citations omitted).

humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Id*. Nevertheless, strip searches are generally permissible in the prison context if conducted for a "legitimate penological purpose." *Id*. Thus, to state an Eighth Amendment claim, a prisoner must allege that the strip search in question was not merely a legitimate search but was "instead a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Id*.; *see also Sodemann v. Melnick*, No. 22-cv-374-wmc, 2025 WL 2689217, at *7-8 (W.D. Wis. Sept. 19, 2025) (describing a search in which an officer allegedly squeezed the plaintiff's genitals as part of a campaign of sexual harassment).

Here, plaintiff does not allege that the search itself was totally without penological justification. Further, while plaintiff alleges that he *felt* humiliated, he provides no facts showing that the search was conducted in a harassing manner with intent to humiliate and inflict psychological pain. Absent such facts, plaintiff does not state a plausible claim under the Eighth Amendment, particularly when compared to other cases involving inappropriate strip searches. *See Calhoun*, 319 F.3d at 940 (officers made "ribald comments" and "sexually explicit gestures" during the strip-search, while forcing plaintiff to perform "sexually provocative acts" in front of female officers who were "neither mere passersby nor performing the legitimate penological function of conducting or monitoring the search" but were instead "invited spectators"); *see also Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009) (strip searches done in view of other inmates, in a cold room, by guards who purposefully wore dirty gloves, and who made demeaning comments). Plaintiff similarly fails to show that the way in which defendant handled his kufi during the search,

while perhaps disrespectful and unprofessional, violated the Eighth Amendment.[2]

Accordingly, plaintiff's amended complaint fails to state a claim upon which relief may be granted. Because plaintiff has already had an opportunity to amend his complaint, and he has not corrected deficiencies identified previously by the court, this action will be dismissed without further leave to amend and with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff David D. Ebben is DENIED leave to proceed with his amended complaint (dkt. #22) and this action is DISMISSED with prejudice for failure to state a claim.

2. The clerk's office is directed to enter a "strike" for purposes of 28 U.S.C. § 1915(g) and to close this case.

Entered this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] Plaintiff does not articulate a viable claim under the First Amendment or the Religious Land Use and Institutionalized Persons Act for reasons stated in the previous dismissal order. (Dkt. #18, at 3-5.)

4